LOUIS MOHN, JR., by BLODWIN H. MOHN, His Guardian ad Litem, et al., Appellants, *v.* ALLENDALE SCHOOL, Respondent.

Fourth Department, December 19, 1956.

34

*Vito Cassan* for appellants.

*Thomas M. Hampson* for respondent.

*Per Curiam.* The infant plaintiff was injured while in attendance at a class in defendant school. The instructor had requested this plaintiff to accompany him to a storeroom for the purpose of " securing " a doorframe. While in the storeroom, as alleged in the complaint, this plaintiff was caused to and did fall through the floor to the room below. The complaint charges negligence on the part of the defendant " by reason of the defective and dangerous condition of said room." The plaintiffs' bill of particulars sets out the alleged negligence of the defendant as " maintaining its property in an improper and dangerous condition " and in allowing the infant plaintiff in the storeroom without forewarning him. The bill of particulars then sets out in some detail the conditions claimed to have been dangerous and unsafe, both in respect to improper construction and negligent maintenance.

The defendant's answer sets up an affirmative defense alleging that the defendant is a charitable corporation; that the instructor was conducting a class in mechanical drawing of which class the infant plaintiff was a member; that the course had to do with planning and layout for metal and wood construction work; that while the class was in progress, the instructor and the said plaintiff were engaged, pursuant to directions of the instructor, " in securing a door frame from a storage room on defendant's premises for use at the top of the stairs leading into the classroom where the class in Mechanical Drawing met." It is alleged that the doorframe " was to be secured and thereafter placed in position by members of said class under the supervision of said instructor and as part of the course of instruction in Mechanical Drawing." The same affirmative defense, by reference, was alleged in answer to the complaint of the infant plaintiff's father.

Thereafter the plaintiffs moved, pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, to dismiss the affirmative defense as insufficient in law. The motion was denied and from the order the plaintiffs have appealed. The Special Term was of the opinion that " the securing the door frame from the storage room and moving it to another location was part of a course of instruction in mechanical drawing and that, accordingly, such act was of a professional character. (Hamburger vs. Cornell University, 240 N. Y. 328.) " The court's memorandum states that, upon the trial, the proof may show that the act of " securing and carrying " the doorframe was not professional but only administrative for which the defendant might be found liable; that that issue would have to await the trial. The respondent relies entirely upon the *Hamburger* case to sustain the order.

We are of the opinion that the *Hamburger* case provides no precedent here under the facts alleged. The cause of action is based upon negligent and improper construction and maintenance of a building concededly under the control of the defendant. The fact that the defendant is a charitable institution is no defense. There is no claim that the doorframe had any causal relation to the accident as the chemical had in the *Hamburger* case. The infant plaintiff was not injured by anything which took place between him and the doorframe. He was lawfully in the storeroom and went through the floor, not by reason of the doorframe but, as alleged, by reason of defective construction and negligent maintenance of the floor and ceiling below. Were we to decide the question, we would hesitate to label, as a professional act, the entrance of the instructor to the storeroom for the purpose of obtaining a doorframe. Skill and learning are hardly required to move such an object from one location to another. As a matter of fact, neither party alleges that the frame was moved, so that all we have was an intention to do a very ordinary physical act. We know of no authority to the effect that a charitable corporation, such as a school or hospital, gains immunity from the results of its own negligence merely because an employee had in mind the doing of some act, whether such act was professional or administrative. In any event, whether the act of the instructor in entering the storeroom, with the purpose in mind of removing a doorframe therefrom, was a professional or administrative act does not here have to be decided. The plaintiffs do not claim that such act was the cause of the accident. They do not seek to impute to the defendant any negligence of the instructor in

performing such act. Their cause of action is based upon the negligence of the defendant in the construction and maintenance of its premises. The order should be reversed and the motion granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Bastow, JJ.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.